**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

---

| | |
|---|---|
| SANDRA B. BLANCHE | CIVIL ACTION NO. 23-31 |
| VERSUS | JUDGE DONALD E. WALTER |
| UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT | MAGISTRATE JUDGE MCCLUSKY |

---

## <u>MEMORANDUM RULING</u>

Before the Court are two motions. The first is a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim filed by Defendant, the United States Department of Housing and Urban Development ("HUD"). <u>See</u> Record Document 10. The second is a "Motion to Grant Plaintiff Relief" filed pro se by Plaintiff, Sandra Blanche ("Blanche"). <u>See</u> Record Document 15. For the reasons assigned below, HUD's motion is **GRANTED** and Blanche's motion is **DENIED**.

### BACKGROUND

Blanche lives in Monroe, Louisiana, at a property operated by the Monroe Housing Authority. <u>See</u> Record Document 1 at 1. On January 6, 2023, Blanche filed suit against HUD, alleging that she "ha[s] received very [p]oor and unreasonable service by Monroe Housing Authority Management and its staff," generally citing a lack of repairs and "other [h]ousing [i]ssues." <u>Id.</u>

On March 23, 2023, HUD filed the instant motion to dismiss arguing that the Eleventh Amendment bars Blanche from filing suit against HUD and alternatively, that Blanche fails to state a claim for relief. <u>See</u> Record Document 10. On April 6, 2023, Blanche filed a motion entitled "Motion to Grant Plaintiff Relief" in which Blanche alleges that HUD refuses to

communicate with her despite her many attempts to contact them, and asks the Court to award her $250,000.  See Record Document 15 at 2.  Blanche's motion also appears to note her opposition to HUD's motion to dismiss, although she does not substantively address HUD's arguments in favor of dismissal.[1]

## MOTION TO DISMISS STANDARD

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of subject matter jurisdiction.  See Mahogany v. La. State Sup. Ct., 262 F. App'x 636 (5th Cir. 2008) (citations omitted).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Ass'n of Miss., Inc., v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  The party seeking to invoke jurisdiction bears the burden of demonstrating its existence.  "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).  If the Court ultimately determines that Eleventh Amendment immunity applies, it must dismiss the claims without prejudice.  See Warnock v. Pecos County, Tex., 88 F.3d 341, 343 (5th Cir. 1996).

---

[1] On April 17, 2023, HUD filed a reply brief to its motion to dismiss and in it, addressed Blanche's Motion to Grant Plaintiff Relief.  See Record Document 18.  HUD urges the Court to deny Blanche's request for relief because "[Blanche] fails to provide any authority showing this Court has subject matter jurisdiction over HUD, much less authority that would support an award of the $250,000 she seeks in damages against HUD for her alleged '[s]tress and [m]ental injury.'"  Id. at 1 (quoting Record Document 15 at 2).  On April 21, 2023, Blanche filed a reply brief as to her Motion to Grant Plaintiff Relief in which she again asks the Court to award damages against HUD for its unresponsiveness, although she does not provide legal support for this request.  See Record Document 20 at 2.

**ANALYSIS**

A. <u>Motion to Dismiss</u>

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." <u>St. Tammany Par. v. Fed. Emergency Mgmt. Agency</u>, 556 F.3d 307, 316 (5th Cir. 2009) (quoting <u>Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands</u>, 461 U.S. 273, 287, 103 S. Ct. 1811 (1983)) (internal quotations omitted).  Such a waiver cannot be implied but must be unequivocally given.  <u>See</u> <u>United States v. Mitchell</u>, 445 U.S. 535, 538, 100 S. Ct. 1349 (1980).  Specifically, "[a] complaint against the government [or its agency] must identify 'a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action.'"  <u>Alpha Tech. USA, LLC v. United States</u>, No. 14-CV-304, 2015 WL 137303, at *2 (E.D. Tex. Jan. 7, 2015) (quoting <u>Clark v. United States</u>, 326 F.3d 911, 912 (7th Cir. 2003)).

Blanche's claims are barred by sovereign immunity.  HUD is an agency of the federal government and as such, may not be sued without the unequivocal consent of Congress.  To be sure, Congress has statutorily waived HUD's sovereign immunity under certain circumstances. However, Blanche has not identified, nor has the Court found, any waiver of sovereign immunity that applies to Blanche's claims against HUD.  <u>See, e.g.</u>, <u>Walker v. Woods</u>, No. 10-CV-4267, 2011 WL 2637328, at *2-3 (E.D. La. July 6, 2011) (finding that HUD had Eleventh Amendment immunity where plaintiff failed to identify a sovereign immunity waiver).  In the absence of a sovereign immunity waiver, this Court lacks subject matter jurisdiction over Blanche's claims. Accordingly, Blanche's claims are **DISMISSED WITHOUT PREJUDICE**.[2]

---

[2] HUD also argues that Blanche fails to state a claim.  However, given the Court's determination that it lacks subject matter jurisdiction, it need not address these arguments.

B.  Motion to Grant Plaintiff Relief

In response to HUD's motion to dismiss, Blanche filed a motion for relief in which she asks the Court to award her $250,000 due to HUD's unresponsiveness in this matter.  However, even if Blanche's motion was legally sufficient, this Court lacks subject matter jurisdiction over Blanche's claims and, thus, cannot grant or even consider the relief she seeks.  See Record Document 15.  Accordingly, Blanche's motion for relief is **DENIED**.

<strong>CONCLUSION</strong>

For the foregoing reasons, **IT IS ORDERED** that HUD's motion to dismiss (Record Document 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Blanche's motion for relief (Record Document 15) is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of April, 2023.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE